UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUCILLE THORN,                          :

     Petitioner                   :

V.                                      :       CASE NO. 3:10-CV-1332(RNC)

MAUREEN BAIRD,                          :

     Respondent.                  :

ORDER

Petitioner, an inmate at the Federal Correctional
Institution in Danbury proceeding pro se, brings this action
under 28 U.S.C. § 2241 seeking an order requiring the Bureau of
Prisons ("BOP") to grant her early release following her
successful completion of the BOP's Residential Drug Abuse
Treatment Program ("RDAP").  Congress has given the BOP
discretion to grant early release of up to one year to inmates
convicted of nonviolent offenses who successfully complete a
substance abuse treatment program.  See 18 U.S.C. §
3621(e)(2)(B).  Petitioner challenges the BOP's determination
that her offense - use of interstate commerce facilities in the
commission of murder-for-hire - renders her ineligible for early
release under BOP Program Statement 5162.04, section 3.a(1) (Mar.
16, 2009), which categorically denies early release to prisoners
convicted of this offense.  Respondent seeks dismissal of the
petition for failure to state a claim on which relief can be

granted.  For reasons that follow, the petition is dismissed.[1]

I. Background

In 1994, Congress amended 18 U.S.C. § 3621(e) to allow the
BOP to grant early release of up to one year to prisoners
convicted of a nonviolent offense who successfully complete a
substance abuse treatment program.  Violent Crime Control and Law
Enforcement Act of 1994, Pub. L. No. 103-322, § 32001, 108 Stat.
1,796, 1,896-97.  In 1995, the BOP published a rule implementing
the early release incentive.  60 Fed. Reg. 27,692, (May 25, 1995)
(previously codified at 28 C.F.R. § 550.58).  BOP excluded from
consideration for early release inmates whose current offense
fell under the definition of "crimes of violence" in 18 U.S.C. §
924(c)(3).  See 60 Fed. Reg. at 27,692.[2]  It also excluded from
early release eligibility inmates convicted of drug offenses
involving possession of a firearm.  See BOP Program Statement No.

---

[1] In her reply to the respondent's submission, petitioner
questions the validity of her guilty plea.  See Pet.'s Response
at 2.  Section 2241 does not provide petitioner with a vehicle
for challenging her guilty plea in this District.  Any such
challenge would have to be filed in the District of Maryland
pursuant to 28 U.S.C. § 2255.  Accordingly, the issues raised in
petitioner's response relating to her guilty plea will not be
addressed here.

[2] Section 924(c)(3) defines a "crime of violence" as a
felony offense that "(A) has as an element the use, attempted
use, or threatened use of physical force against the person or
property of another, or (B) that by its nature, involves a
substantial risk that physical force against the person or
property of another may be used in the course of committing the
offense."

5162.02, § 9 (Apr. 23 1996).  In 1997, the BOP published an

interim regulation excluding the same categories of prisoners and

explaining the exclusions as an exercise of the discretion vested

in the Director of the BOP by Congress.  62 Fed. Reg. 53,690

(Oct. 15, 1997).  The 1997 interim regulation removed the

reference to § 924(c) but still included its definition of a

"crime of violence."  In 2000, the BOP adopted the 1997 interim

regulation as a final rule.  65 Fed. Reg. 80,745, 80,747-48 (Dec.

22, 2000) (previously codified at 28 C.F.R. § 550.58).  This rule

was upheld by the Supreme Court in <u>Lopez v. Davis</u>, 531 U.S. 230

(2001).  The BOP subsequently promulgated a new rule to take

effect in 2009.  The 2009 rule is substantially the same as the

2000 rule upheld in <u>Lopez</u> but is supported by a somewhat

different rationale.  The 2009 rule does not apply to inmates who

were participating in the RDAP before March 16, 2009.  <u>See</u> BOP

Program Statement 5331.02, § 6.

In May 2007, petitioner pleaded guilty in the United States

District Court for the District of Maryland to using interstate

commerce facilities in the commission of murder-for-hire in

violation of 18 U.S.C. § 1958.  She received a sentence of 72

months' imprisonment.  In February 2009, while in BOP custody in

West Virginia, she signed an agreement to participate in the

RDAP.  In June 2009, she was transferred to FCI Danbury.  In

October 2009, she began participating in the RDAP.  She states

that she has graduated from the program.

In February 2010, while petitioner was participating in the RDAP, she submitted a request for an administrative remedy to respondent, the warden of FCI Danbury, seeking review of a determination that she was ineligible for early release.  Her written request pointed out that at the time of her sentencing hearing, the sentencing judge stated that he did not view her as violent.  Respondent denied petitioner's request on the ground that under BOP Program Statement 5162.04, section 6.a., her current offense is categorized as a crime of violence in all cases.  Petitioner's subsequent administrative appeals were denied on the same basis.

II. Discussion

To obtain relief under § 2241, petitioner must show that the denial of her request for early release violates the Constitution or laws of the United States.  Petitioner's pro se submission may be interpreted as attempting to claim that the BOP's denial of her request for early release deprives her of liberty in violation of her right to due process under the Fifth Amendment. A prisoner has a constitutionally protected liberty interest in not being subjected to actions by BOP officials that are contrary to the prisoner's sentence, and a constitutionally protected liberty interest also can be created if federal law requires the BOP to do something for a prisoner.  Neither of these principles

supports a claim for relief here.  BOP's refusal to grant

petitioner's request for early release is not contrary to the

sentence she received; it has the effect of requiring her to

serve the sentence.  And the applicable statute does not require

that early release be granted; instead the statute gives the BOP

discretion to grant release.  See 18 U.S.C. §3621(e)(2)(B)(period

of time prisoner convicted of nonviolent offense remains in

custody after successfully completing substance abuse treatment

program "may be reduced" by the BOP); see also Lopez, 531 U.S. at

241 (BOP has authority but not duty to grant early release).

    Petitioner's pro se submission also can be construed as

attempting to allege a violation of her right to equal protection

of law under the Fifth Amendment.  In this regard, she alleges

that she would be eligible for early release if she were

incarcerated in the Ninth Circuit, citing Arrington v. Daniels,

516 F.3d 1106 (9th Cir. 2008).  In Arrington, the Ninth Circuit

held that the BOP regulation categorically excluding from

eligibility for early release nonviolent drug offenders who

possessed a firearm was arbitrary and capricious.  Unlike the

offense at issue in Arrington, petitioner's offense is a crime of

violence under the criteria set forth in 18 U.S.C. § 942(c)(3).

The Ninth Circuit has upheld the BOP's use of the § 924(c)(3)

criteria in defining what constitutes a crime of violence under

18 U.S.C. § 3621(e)(2)(b).  Duenas v. Copenhaver, No. C 09-4076

MMC (PR), 2010 WL 1572973, at *3 (N.D. Cal. April 19, 2010)
(citing Warren v. Crabtree, 185 F.3d 1018, 1021-23 (9th Cir.
1999)).  Thus, an inmate in the Ninth Circuit convicted of the
same offense as petitioner would not be eligible for early
release.  In view of this, petitioner's equal protection claim
is unavailing.

Finally, petitioner's submission can be construed as
attempting to seek relief under the Administrative Procedure Act.
Under 5 U.S.C. § 706(2)(A), a court may set aside agency action
found to be arbitrary, capricious, an abuse of discretion or
otherwise not in accordance with law.  Petitioner's basic
position seems to be that she should receive individualized
consideration for early release.  In this regard, she emphasizes
again, as she did throughout her administrative appeals, that the
judge who sentenced her does not think she is a violent person.[3]
Petitioner's disagreement with BOP's categorical approach to
early release eligibility is understandable.  The Supreme Court
has already ruled, however, that the BOP may categorically
exclude prisoners from eligibility for early release based on the
nature of their offenses and need not make individualized
determinations of eligibility for early release on a case-by-case
basis.  See Lopez, 531 U.S. at 243-44.  Petitioner does not

---

[3] Petitioner also emphasizes, as she has before, that her
offense conduct is attributable to her consumption of alcohol.

6

dispute that the offense of murder-for-hire, by its nature, is properly categorized as a crime of violence. Her claim under the APA is therefore unavailing as well.[4]

III. Conclusion

Accordingly, the petition is hereby dismissed. Because jurists of reason could not find that the petition states a claim on which relief can be granted, a certificate of appealability will not issue. The Clerk may close the case.

So ordered this 9th day of May 2011.


                          /s/
                    Robert N. Chatigny
                United States District Judge

---

[4] It is unclear whether petitioner's request for early release is governed by the 2000 regulation or the 2009 regulation. Petitioner urges that the 2000 regulation applies because she signed an agreement to participate in the RDAP prior to March 16, 2009. But see Virgil v. Zickefoose, No. 3:09-cv-148 (JBA), 2010 WL 1553782, at *3 (D. Conn. April 19, 2010) (inmate on waiting list as of March 16, 2009, is not participating in the RDAP and thus 2009 rule applies). For purposes of this ruling, I have assumed, without deciding, that the 2000 regulation applies.